1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH BUFORD POLLARD,

11              Petitioner,              No. 2: 10-cv-2545 GEB KJN P

12         vs.

13   COLE, et al.,                      ORDER AND

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              On September 17, 2010, petitioner filed a document titled "Emergency Notice,

17   Illegal Arrest, False Imprisonment."  Petitioner alleged that he was wrongfully found guilty of

18   violating parole.  On September 29, 2010, the undersigned issued an order construing this action

19   as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was granted

20   twenty-eight days to file a habeas corpus petition on the proper form and to file an application to

21   proceed in forma pauperis.

22              On October 1, 2010, the September 29, 2010 order was returned unserved.

23   Accordingly, on October 7, 2010, the court recommended that this action be dismissed based on

24   petitioner's failure to keep the court apprised of his current address.  On October 18, 2010, the

25   findings and recommendations were returned unserved.

26              On November 17, 2010, petitioner filed a petition for writ of habeas corpus and

1

1    application to proceed in forma pauperis which were opened as a new action, No. 2: 10-cv-3103

2    KJN P.  On December 6, 2010, the court issued an order finding that petitioner intended to file

3    these pleadings in the instant case.  The Clerk of the Court was directed to close No. 2: 10-cv-

4    3103 KJN P and file the habeas corpus petition and application for writ of habeas corpus in this

5    action.  The November 17, 2010 order also vacated the October 7, 2010 findings and

6    recommendations.

7            Examination of the in forma pauperis application reveals that petitioner is unable

8    to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

9    granted.  See 28 U.S.C. § 1915(a).

10           In the habeas corpus petition, petitioner appears to claim that he was wrongfully

11   found guilty of violating parole.  Petitioner also claims that his life may be in danger at High

12   Desert State Prison ("HDSP"), where he is presently incarcerated.

13           The exhaustion of state court remedies is a prerequisite to the granting of a

14   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

15   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

16   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

17   providing the highest state court with a full and fair opportunity to consider all claims before

18   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

19   Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

20           After reviewing the petition for habeas corpus, the court finds that petitioner has

21   failed to exhaust state court remedies.  The claims have not been presented to the California

22   Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

23

24

25

26           [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]  While petitioner requests that the court order emergency relief, the court is not authorized to address his claims before they have been presented to the California Supreme Court.

Petitioner may also be claiming a violation of Valdivia v. Davis, 206 F.Supp.2d 1068 (E.D.Cal. 2002), which does not require exhaustion.  According to time lines agreed to by the State of California in Valdivia v. Davis, and set out in an unpublished case entitled Valdivia v. Schwarzenegger, a parolee is supposed to receive a probable cause hearing within 10 business days of the day of receipt of notification of the parole violation charges, and a revocation of parole hearing within 35 calendar days of the parole hold date.  In re Marquez, 153 Cal.App.4th 1, 4-5 (2007).  Although difficult to understand, it appears from the petition that a parole hold was placed on petitioner on October 7, 2010, and a parole revocation hearing was held on October 26, 2010.

It is not clear that the time requirements set forth in Valdivia were violated.  However, even if they were, there is no claim by petitioner that he has not yet received his parole revocation hearing.  Under these circumstances, the court could not order any relief for any violation of Valdivia.

Petitioner's claims regarding conditions of confinement cannot be addressed in a habeas corpus petition.  Claims regarding conditions of confinement must be raised in a civil rights action.

It appears that the previous orders served on petitioner may have been returned because petitioner was identified as "Kenneth Buford Pollard, III," rather than "Kenneth Buford Pollard."  Accordingly, the Clerk of the Court is directed to amend court records to reflect the

---

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

proper name for service.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner is granted leave to proceed in forma pauperis.

2.  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

3.  The Clerk of the Court is directed to amend court records to reflect petitioner's name as "Kenneth Buford Pollard."

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies and because no relief can be ordered for any claims brought pursuant to Valdivia.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

poll2545.ord

4